IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 23-CR-00224-SEH<br>(25-cv-00049-SEH-CDL) |
| JEFFREY WADE ANDERSON, JR., | |
| Defendant. | |

## OPINION AND ORDER

Before the Court is Defendant Jeffrey Wade Anderson Jr.'s motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [ECF No. 50]. For the reasons set out below, the motion is denied.

**I. Background and Procedural History**

On June 28, 2023, a federal criminal complaint charged Anderson with murder in Indian Country. [ECF No. 1]. He made his initial appearance on the complaint and Christina Hunt and Lindsey Holguin were appointed to represent him. [ECF No. 7]. On July 10, 2023, a federal grand jury charged Anderson with one count of first degree murder in Indian Country. [ECF No. 17]. On January 12, 2024, the United States Attorney charged Anderson with one count of second degree murder in Indian Country. [ECF No. 29].

At Anderson's request, the Court set a change of plea hearing before United States Magistrate Judge Susan E. Huntsman. [ECF No. 31]. Anderson appeared with his attorneys and pleaded guilty to second degree murder in Indian Country pursuant to an 11(c)(1)(C) plea agreement. [ECF Nos. 34, 39, 56]. During the hearing, Anderson acknowledged that he was pleading guilty of his own free will because he was guilty. [ECF No. 56 at 15]. Judge Huntsman advised Anderson of the possible penalties he faced, including that a conviction on the charge included any term of years and up to life imprisonment. [*Id.* at 16]. Anderson confirmed that he understood the statutory penalties and further confirmed that he had discussed with his attorneys how the advisory sentencing guidelines, possible authorized departures from those guidelines, and other sentencing factors might apply to his case. [*Id.* at 18]. Judge Huntsman explained to Anderson that he and the government had entered into a binding plea agreement for a specific sentencing range of zero to 25 years of imprisonment. [*Id.* at 18–19]. He acknowledged that he had discussed the possible punishment, facts of his case, and possible defenses with his attorneys and confirmed that he was fully satisfied with his counsel, representation, and the advice given to him. [*Id.* at 20].

At the change of plea hearing, Anderson submitted a petition to enter plea of guilty that was prepared with the assistance of his attorneys. [ECF No.

38]. In the petition, Anderson admitted that he stabbed and killed Joe Burton with a knife after Burton made comments that upset him. [*Id.* at 2]. He further stated that he anticipated receiving a sentence between zero and 25 years of imprisonment. [*Id.*]. Anderson acknowledged at the hearing that he had reviewed the petition and agreed with the statements in it. [ECF No. 56 at 27]. After asking Anderson additional questions and ensuring he admitted the essential elements of the offense, Judge Huntsman accepted Anderson's plea and adjudged him guilty of second degree murder in Indian Country. [*Id.* at 24–26, 28–29.].

    The Court held Anderson's sentencing on June 28, 2024. [ECF No. 47]. Neither party objected to the presentence investigation report and Anderson confirmed he had been given an opportunity to review it and discuss it with his attorneys. [ECF No. 57 at 4–5]. The Court calculated Anderson's sentencing guideline range to be between 168 and 210 months of imprisonment. [*Id.* at 6]. Before sentencing, Holguin filed a sentencing memorandum on Anderson's behalf, requesting a sentence at the low end of the advisory guideline range. [ECF No. 46]. At sentencing, the Court considered the nature of the offense, Anderson's criminal history and personal characteristics, and sentencing disparities among defendants. [*Id.* at 14–15]. Based on these factors, the Court accepted the binding plea agreement, varied upward four levels, and sentenced Anderson to 300

3

months of imprisonment and five years of supervised release. [*Id.* at 14–16].

On July 12, 2024, Anderson filed an acknowledgment and waiver of his right to appeal. [ECF No. 49].

On January 28, 2025, Anderson filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [ECF No. 50]. The Court reviewed the motion and directed the government to file a response, giving Anderson 30 days from the filing date of the response to file a reply. [ECF No. 52]. Anderson has not filed a reply and the deadline to file a reply has expired.

## II. Analysis

Under 28 U.S.C. § 2255, "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Anderson's § 2255 motion was filed within one year of the date his conviction became final; therefore, the Court finds that his motion is timely under § 2255(f)(1).

Anderson contends that Holguin provided him with ineffective assistance by advising him to "sign a plea for 0–25 years with guidelines at 14–17½ years." [ECF No. 50 at 1]. He claims that "other defendants with worse charges get less time." [*Id.*]. However, he alleges no facts in support of his

claim and the government argues that Anderson's motion should be denied on this basis. [ECF No. 58 at 4].

To prevail on his ineffective assistance of counsel claim, Anderson must demonstrate that his counsel performed deficiently, and that the performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. *Id.* at 687–88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." *Id.* at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690.

To establish the second prong, a defendant must show that counsel's deficient performance prejudiced him to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In the context of a guilty plea, the defendant must demonstrate that "'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001) (citation and

5

emphasis omitted); *accord United States v. Dominguez*, 998 F.3d 1094, 1111 (10th Cir. 2021). The Tenth Circuit remains "suspicious of bald, post hoc and unsupported statements that a defendant would have changed his plea absent counsel's errors, and if the defendant can muster no other evidence of how he would have responded if he had received effective assistance of counsel, the inquiry will focus on the objective evidence." *Heard v. Addison*, 728 F.3d 1170, 1184 (10th Cir. 2013).

Anderson alleges that Holguin provided ineffective assistance of counsel but provides no facts in support of his claim. His § 2255 motion has no supporting brief or affidavit attached and contains only one reference to Holguin: that she "advised [him] to sign a plea for 0–25 years with guidlines [sic] at 14–17½ years." [ECF No. 50]. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Because Anderson is a pro se movant, the Court liberally construes his motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But the Court is "not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). The Tenth Circuit has "repeatedly held that conclusory allegations are insufficient to warrant habeas relief for ineffective assistance of counsel."

6

*Quintana v. Mulheron*, 788 F. App'x 604, 609 (10th Cir. 2019) (citations omitted).

To the extent Anderson's motion could liberally be construed as alleging Holguin erred in estimating his sentence, "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993) (citations omitted). And Anderson cannot establish prejudice. At the change of plea hearing, Anderson was repeatedly warned that the statutory maximum sentence for second degree murder in Indian Country was life imprisonment. [ECF No. 56 at 2, 16]. He confirmed he understood that a life sentence—which is far longer than a 25-year sentence—could potentially be imposed. [*Id.* at 16–17, 19]; *See United States v. Weeks*, 653 F.3d 1188, 1205 (10th Cir. 2011) (a defendant's "[s]olemn declarations in open court carry a strong presumption of verity") (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Moreover, Anderson does not suggest that he would have insisted on going to trial but for his counsel's alleged deficiencies. He was originally charged with first degree murder and pleaded guilty to second degree murder in Indian Country. The plea agreement limited his sentence to 25 years of imprisonment, as opposed to life. Although Anderson claims that "other defendants with worse charges get less time," he fails to support that

assertion with any facts. [ECF No. 50 at 1]. And the Court considered sentencing disparities among defendants when imposing his sentence. [ECF No. 46 at 14–15]. Given the circumstances surrounding his guilty plea, the Court finds that Anderson has failed to show that he would have chosen to proceed to trial rather than plead guilty.

The Court has independently reviewed the record and finds no factual basis to infer that Holguin was negligent or unprepared at any stage of the proceedings. She successfully negotiated a binding plea agreement that reduced the first degree murder charge to second degree murder in Indian Country and limited Anderson's sentence to 25 years of imprisonment. She also filed a sentencing memorandum and argued at sentencing for a sentence at the low end of the advisory guideline range. [ECF No. 46; ECF No. 57 at 11–12]. Anderson's plea petition confirms that he anticipated receiving a sentence between zero and 25 years of imprisonment. [ECF No. 38 at 2]. The 300-month sentence he serves is within that range. Therefore, the Court finds that Anderson's complaint about Holguin's performance is directly contradicted by the record and his own admissions.

Anderson requests in his motion to "come back before the court for either a reduction in sentence or a retrial." [ECF No. 50 at 1]. To the extent this statement could be construed as a request for an evidentiary hearing, "general conclusory allegations of ineffective assistance of counsel impose no

obligation on the district court to conduct an evidentiary hearing." *United States v. Hall*, 746 F. App'x 773, 776 (10th Cir. 2018) (citation omitted).

The Court finds that Anderson's vague and conclusory allegation of ineffective assistance of counsel does not state a colorable claim for relief, and his § 2255 motion should be denied without an evidentiary hearing. There is simply no evidence in the record supporting Anderson's vague allegation that Holguin was ineffective.

The Court has considered Anderson's § 2255 motion [ECF No. 50] and finds that it should be denied in its entirety. Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Having considered the record in this case, the Court concludes that a certificate of appealability should not issue because Anderson has not made a substantial showing of the denial of a

constitutional right. The record is devoid of any authority suggesting that the Tenth Circuit would resolve the issues in this case differently.

**IT IS THEREFORE ORDERED** that Anderson's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 [ECF No. 50] is DENIED. A separate judgment will enter.

**DATED** this 6th day of June, 2025.

Sara E. Hill
UNITED STATES DISTRICT JUDGE